IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-170-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DECARLOS ANTONIO WRIGHT, | ) | |
| Defendant. | ) | |

On January 4, 2021, DeCarlos Antonio Wright ("Wright" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 304]. On May 14, 2021, Wright, through counsel, filed a memorandum in support [D.E. 332]. On May 25, 2021, the United States responded in opposition and filed an exhibit in support [D.E. 334]. As explained below, the court denies Wright's motion.

I.

On October 15, 2012, pursuant to a written plea agreement, Wright pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 1, 105, 106, 172]. On January 9, 2013, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 128, 129]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Wright's total offense level to be 35, his criminal history category to be III, and his advisory guideline range to be 210 to 262 months' imprisonment. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the

court sentenced Wright to 158 months' imprisonment. See [D.E. 129] 2. Wright did not appeal.

On May 10, 2013, Wright moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [D.E. 145]. On December 12, 2013, Judge Jones issued a memorandum and recommendation ("M&R") recommending that the court dismiss Wright's section 2255 motion [D.E. 199]. On April 7, 2014, the court adopted the M&R, dismissed Wright's section 2255 motion, and denied a certificate of appealability [D.E. 218]. On May 23, 2014, Wright moved for reconsideration [D.E. 225]. On July 7, 2014, the court denied Wright's motion [D.E. 226]. Wright appealed [D.E. 227]. On September 10, 2015, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Wright, 615 F. App'x 169, 169–70 (4th Cir. 2015) (per curiam) (unpublished); [D.E. 241, 242].

On August 1, 2014, Wright moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782 [D.E. 228]. On December 15, 2015, Wright filed a second motion [D.E. 256]. On January 25, 2016, the court granted Wright's motion and reduced his sentence to 126 months' imprisonment [D.E. 262, 263].

On November 14, 2016, Wright requested a sentence reduction pursuant to "Amendment 794" [D.E. 267]. On May 16, 2017, the court denied Wright's request [D.E. 271].

On May 2, 2018, Wright asked the court to remove the firearm enhancement from his sentence [D.E. 296]. On April 4, 2019, Wright ask the court to award him jail credit [D.E. 297]. On April 23, 2019, Judge Malcolm J. Howard informed Wright that the court lacked the authority to modify Wright's sentence as requested. See [D.E. 298, 299]. On January 20, 2021, the case was reassigned from Judge Howard to the undersigned [D.E. 307].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at

2

5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

3

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

   (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

4

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. docketed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098,

---

> compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

5

1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Wright contends that he exhausted his administrative remedies. See [D.E. 332] 1, 5. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020). Accordingly, the court addresses Wright's motion on the merits.

Wright seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Wright cites the COVID-19 pandemic and his race. See [D.E. 332] 3–4, 8. Wright also cites the conditions at FCI Petersburg,[2] his rehabilitation efforts, his release plan, and that he has served over 95% of his sentence. See id. at 1–2, 16–17; [D.E. 304] 1.

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Wright's rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, Wright has been fully vaccinated against COVID-19. See [D.E. 334] 3, 19–20; cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Even so, the section 3553(a) factors

---

[2] Wright is currently in BOP custody at Raleigh RRM. See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by inmate number) (last visited Oct. 7, 2021).

6

counsel against reducing Wright's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Wright is 41 years old and engaged in very serious criminal behavior in 2011 and 2012. See PSR [D.E. 124] ¶¶ 10–21. Wright distributed over 33 kilograms of cocaine, a portion of which he converted into cocaine base (crack). See id. Wright also possessed two firearms in furtherance of his drug trafficking activities. See id. ¶¶ 17, 21. Furthermore, Wright is a serial recidivist, with convictions for breaking and entering (two counts), larceny (two counts), second degree trespass, and maintain a vehicle, dwelling, or place for a controlled substance. See id. ¶¶ 24–28. Wright also has a lengthy history of violating probation, and his probation was revoked twice for absconding from supervision. See id. Moreover, Wright's conduct while incarcerated in federal prison raises grave concerns about his willingness to comply with the law. Wright incurred six disciplinary infractions from 2016 to 2020, including possessing a hazardous tool, refusing to obey an order, and possessing drugs or alcohol. See [D.E. 334-1]. Nonetheless, Wright has taken some positive steps while federally incarcerated. See [D.E. 304] 1; [D.E. 332] 17.

The court has considered Wright's potential exposure to COVID-19, his vaccination status, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and vaccinate Wright, the section 3553(a) factors, Wright's arguments, the government's persuasive response, and the need to punish Wright for his criminal behavior, to incapacitate Wright, to promote respect for the law, to deter others, and to protect society, the court denies Wright's motion for compassionate release. See, e.g., Chavez-

7

Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Wright's request for home confinement, see [D.E. 332] 1, 4, 18, Wright apparently seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). As such, the court dismisses Wright's request for home confinement.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 304] and DISMISSES his request for home confinement.

SO ORDERED. This 7 day of October, 2021.

JAMES C. DEVER III
United States District Judge

8

Case 5:12-cr-00170-D   Document 336   Filed 10/07/21   Page 8 of 8